fUNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                            Case No. 11-20551

COREY WILLIAMS,

        Defendant.
_____/

## OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

In March 2015, Defendant Corey Williams was sentenced under 21 U.S.C. § 841 to 152 months incarceration for conspiracy to distribute and possess with intent to distribute a controlled substance. He is currently incarcerated at FPC Pensacola. Pending before the court is Defendant's motion for compassionate release in which he argues that his health conditions and the close physical proximity between himself and other inmates at his prison make him particularly vulnerable to contracting the coronavirus ("COVID-19"). For the reasons explained below, his motion will be denied without prejudice.

A court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). The court must also weigh the sentencing factors provided under 18 U.S.C. § 3553(a) and determine if a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement[]" with which courts must comply. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) and must fit within at least one of four categories of "extraordinary and compelling reasons." Those categories are: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons." The BOP has released Program Statement 5050.50 to guide its determination of extraordinary and compelling circumstances. Federal Bureau of Prisons, U.S. Department of Justice, Program Statement 5050.50: Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g) (2019).

In all, a defendant seeking compassionate release must present extraordinary and compelling circumstances and fit within one of the four categories described in § 1B.13 of the Sentencing Guidelines, and the court must determine both that the sentencing factors outlined in § 3553(a) weigh in favor of release and that the defendant does not pose a threat to others as determined by § 3142(g). *See* 18 U.S.C. § 3582(c)(1)(A); U.S. Sentencing Guidelines Manual § 1B.13; *United States v. Sapp*, Case No. 14-20520, 2020 WL 515935, at *2 (E.D. Mich. Jan. 31, 2020) (Leitman, J.) (summarizing compassionate release requirements).

There are two procedures by which the court may hear motions for compassionate release. First, the BOP can move for compassionate release. 18 U.S.C. § 3582(c)(1)(A). In this case, the BOP did not file the current motion and has not provided any endorsement or support. Second, after the passage of the First Step Act in

2018, a defendant can file a motion on his own. 18 U.S.C. § 3582(c)(1)(A). However, he may do so only "after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [Defendant's] facility, whichever is earlier." *Id.*

Defendant concedes that he has not exhausted his administrative remedies before filing the instant motion. (ECF No. 1856, PageID.18388.) Based on this concession alone, the court must deny his motion without prejudice because his claim is not yet ripe for disposition. The plain text of 18 U.S.C. § 3582(c)(1)(A) states that Defendant must either complete all administrative appeals or wait thirty days; Defendant has apparently done neither and, therefore, the court must deny his motion. *Grand Trunk W. R.R. Co. v. U.S. Dep't of Labor*, 875 F.3d 821, 824 (6th Cir. 2017) (quoting *King v. Burwell*, 135 S.Ct. 2480, 2489 (2015)) ("If the statutory language is plain, we must enforce it according to its terms."); *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016) ("[M]andatory exhaustion statutes . . . establish mandatory exhaustion regimes."); *Hoogerheide v. I.R.S.*, 637 F.3d 634, 639 (6th Cir. 2011) (explaining that courts lack the discretion to waive "a congressionally established exhaustion imperative, not a judicially created one.").

In light of the plain language of the statute, the Sixth Circuit has held that unexhausted motions under § 3582(c)(1)(A) must be dismissed without prejudice. *See United States v. Alam*, ___ F.3d ____, No. 20-1298, 2020 WL 2845694, at *1 (6th Cir. June 2, 2020). In *United States v. Alam*, the prisoner had not exhausted administrative appeals and waited only ten days after submitting his request to the warden before moving for compassionate release. *Id.* The district court dismissed without prejudice the

3

prisoner's claims for failure to exhaust. *Id.* The Sixth Circuit affirmed the district court, reasoning that § 3582(c)(1)(A) included a "mandatory claim-processing rule[]" that "must be enforced." *Id.* at *3 (quoting *Hamer v. Neighborhood Hous. Servs. Of Chi.*, 138 S. Ct. 13, 17 (2017)). The Sixth Circuit added that § 3582(c)(1)(A)'s exhaustion requirement was in place for good reason. *Id.* at *4. "It ensures that the prison administrators can prioritize the most urgent claims . . . [and] that they can investigate the gravity of the conditions supporting compassionate release and the likelihood that the conditions will persist." *Id.* Consistent with this directive, the court will deny Defendant's motion without prejudice.

    Notwithstanding his failure to exhaust, the court will also deny Defendant's motion on the merits. Defendant argues that his age—51 years—and injuries sustained from a gunshot wound—nerve damage and "drop foot"—make him vulnerable to the coronavirus. (ECF No. 1856, PageID.18386.) He also highlights the close physical proximity between inmates at his facility. However, speculation as to whether COVID-19 will spread through Defendant's detention facility, FPC Pensacola, whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."). Defendant's current medical conditions are not fatal or unmanageable, nor are they recognized as conditions which place him at a greater risk for contracting COVID-19 or suffering more serious reactions. *People Who Are at Higher Risk for Severe Illness,* CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-

4

extra-precautions/people-at-higher-risk.html (last visited June 15, 2020). Moreover, there are currently no confirmed cases of COVID-19 in Defendant's facility,[1] and the BOP has instituted strict precautions throughout the federal prison system, including shelter-in-place protocols, screening and quarantining all newly arriving detainees, and isolating until medically cleared all symptomatic detainees.[2] Defendant's medical conditions and the risk of contracting COVID-19 do not present "extraordinary and compelling reasons" justifying early release. 18 U.S.C. § 3582(c)(1)(A).

Finally, the court concludes that factors enumerated under 18 U.S.C. § 3553(a) do not support Defendant's early release. The court specifically considers the need for Defendant's sentence to reflect the seriousness of his offense, provide punishment, and promote general and specific deterrence. *See* 18 U.S.C. § 3553(a). The need to promote specific deference is particularly relevant in this case given that Defendant committed the instant drug trafficking offense while on probation for his first drug trafficking conviction. (ECF No.1860, PageID.18400.)

In denying the instant motion, the court makes no findings as to the suitability of home confinement. The court leaves such a determination to the sound discretion of the BOP which is better suited in this case and at this juncture to make such a decision. Accordingly,

---

[1] *COVID-19 Action Plan: COVID-19 Cases*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/index.jsp (last visited June 22, 2020).

[2] *COVID-19 Action Plan: Phase Five*, Fed. Bureau of Prisons (Mar. 31, 2020), https://www.bop.gov/resources/news/20200331_covid19_action_plan_5.jsp.

IT IS ORDERED that Defendant's "Motion for Compassionate Release" (ECF No. 1856) is DENIED WITHOUT PREJUDICE.

        s/Robert H. Cleland      /
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: June 22, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 22, 2020, by electronic and/or ordinary mail.

        s/Lisa Wagner      /
        Case Manager and Deputy Clerk
        (810) 292-6522

S:\Cleland\Cleland\HEK\Criminal\11-20551.WILLIAMS.CompasionateReleaseCovid.HEK .docx