# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                               Case No. 11-20551

COREY WILLIAMS,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S
## SECOND MOTION FOR COMPASSIONATE RELEASE

In June 2015, Defendant Corey Williams was sentenced under 21 U.S.C. § 841 to 152 months incarceration for conspiring to distribute and possess with intent to distribute controlled substances. (ECF No. 1105, PageID.6024-25.) He now moves for compassionate release. (ECF No. 1912.)

Defendant previously filed a motion for compassionate release, on essentially the same grounds, in May 2020. (*See* ECF No. 1863.) This court denied Defendant's motion for two reasons. (ECF No. 1870.) First, the court found that Defendant had failed to exhaust his administrative remedies. (*Id.*, PageID.18580.) Second, after reviewing the record, the court found that "Defendant's medical conditions and the risk of contracting COVID-19 do not present 'extraordinary and compelling reasons' justifying early release." (*Id.*, PageID.18582.)

Defendant has now filed a second "Motion for Compassionate Release." (ECF No. 1912.) He argues the health risk presented by the Coronavirus Disease ("COVID-

19") at his location of confinement, FPC Pensacola, justifies his immediate release. Defendant's arguments closely track those raised in his earlier motion. (*See id.*)

The federal compassionate release statute has "three substantive requirements." *United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021). First, the court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Second, the sentencing factors provided under 18 U.S.C. § 3553(a) must weigh in favor of a sentence reduction. Third, a sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

A motion requesting a prisoner's compassionate release may be filed either by the Bureau of Prisons ("BOP") or by the prisoner himself. 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit held in *United States v. Jones*, 980 F.3d 1098, 1110-11 (6th Cir. 2020), that when a prisoner moves for compassionate release himself there is no "applicable policy statement[] issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Thus, when a prisoner moves for compassionate release, the requirement in § 3582(c)(1)(A) that a sentence reduction be "consistent with [a] policy statement[]" does not apply, and courts are to ignore it. *Jones*, 980 F.3d at 1111; *accord United States v. Elias*, 984 F.3d 516, 519-20 (6th Cir. 2021). To obtain compassionate release, a prisoner must nevertheless present "extraordinary and compelling" circumstances and must have § 3553(a)'s sentencing factors that weigh in his favor. 18 U.S.C. § 3582(c)(1)(A); *see Jones*, 980 F.3d at 1108, 1111 (holding that a court has "full discretion to define 'extraordinary and compelling'" and must also "determine whether, in its discretion, [a] reduction . . . is warranted" under § 3553(a)).

Defendant's circumstances are still not extraordinary or compelling. 18 U.S.C. § 3582(c)(1)(A). "Extraordinary" is defined as "exceptional to a very marked extent." *Extraordinary*, Webster's Third International Dictionary, Unabridged (2020). "Compelling" is defined as "tending to convince or convert by or as if by forcefulness of evidence." *Compelling*, Webster's Third International Dictionary, Unabridged (2020). Courts have interpreted "extraordinary" in the context of compassionate release as "beyond what is usual, customary, regular, or common," and a "'compelling reason" as "one so great that irreparable harm or injustice would result if the relief is not granted." *United States v. Sapp*, Case No. 14-20520, 2020 WL 515935, at *3 (E.D. Mich. Jan. 31, 2020) (Leitman, J.); *United States v. Murphy*, Case No. 15-20411, 2020 WL 2507619, at *5 (E.D. Mich. May 15, 2020) (Cox, J.). A district court's findings as to extraordinary and compelling circumstances are reviewed for abuse of discretion. *See Elias*, 984 F.3d at 520-21.

On February 3, 2021, the BOP administered Defendant the first dose of the Pfizer COVID-19 vaccine. (ECF No. 1955-1, PageID.19997.) Defendant received the second dose on February 25, 2021. (*Id.*) Available scientific evidence demonstrates that the Pfizer vaccine is extraordinarily effective at reducing the risk of COVID-19 infection. *See*, *e.g.*, *Pfizer-BioNTech COVID-19 Vaccine Overview and Safety*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Pfizer-BioNTech.html (last visited May 26, 2021) (noting that in clinical trials Pfizer vaccine was "95% effective at preventing laboratory-confirmed COVID-19 illness in people without evidence of previous infection"); Mark G. Thompson et al., *Interim Estimates of Vaccine Effectiveness* (2021) (finding that mRNA

vaccines, such as the Pfizer vaccine, are 90% effective at preventing both asymptomatic and symptomatic COVID-19 infections); *Pfizer and BioNTech Confirm High Efficacy and No Serious Safety Concerns*, Business Wire, https://www.businesswire.com/news/home/20210401005365/en/ (last visited May 26, 2021) (describing a Pfizer study which found that its vaccine was "100% effective in preventing severe disease as defined by the U.S. Centers for Disease Control").

The court is aware of no scientifically derived evidence showing that there is a material risk of severe complications or death from COVID-19 to fully vaccinated individuals. In addition, the BOP has substantially reduced the risk of spread and exposure to COVID-19 through its vaccination of other inmates. Defendant is confined at FPC Pensacola. Out of the 343 inmates at FPC Pensacola, 119 have been fully vaccinated. *FPC Pensacola*, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/pen/ (last visited May 27, 2021); *COVID-19: Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited May 27, 2021). Consequently, there are zero active cases of COVID-19 among inmates at the prison. *COVID-19: Coronavirus*, *supra*.

The remote possibility that COVID-19 will spread through FPC Pensacola, the BOP will fail to contain the outbreak, Defendant will contract COVID-19, and he will develop life-threatening symptoms does not warrant the extraordinary remedy of compassionate release. 18 U.S.C. § 3582(c)(1)(A). Accordingly,

IT IS ORDERED that Defendant's "Motion for Compassionate Release" (ECF No. 1912) is DENIED.

                                                  s/Robert H. Cleland
                                                  ROBERT H. CLELAND
                                                  UNITED STATES DISTRICT JUDGE

Dated: June 1, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 1, 2021, by electronic and/or ordinary mail.

                                                  s/Lisa Wagner                              /
                                                  Case Manager and Deputy Clerk
                                                  (810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Criminal\11-20551.WILLIAMS.MotionforCompassionateRelease.AAB.docx