**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                     Case No. 11-20551

COREY WILLIAMS,

        Defendant.

_____/

### OPINION AND ORDER DENYING DEFENDANT'S
### MOTION FOR RECONSIDERATION

In June 2015, Defendant Corey Williams was sentenced under 21 U.S.C. § 841 to 152 months incarceration for conspiring to distribute and possess with intent to distribute controlled substances. (ECF No. 1105, PageID.6024-25.) Defendant has twice moved for compassionate release due to the risk of contracting COVID-19 while incarcerated, both motions were denied. (*See* ECF Nos. 1863, 1912.) Defendant has now filed a "Motion for Reconsideration" requesting that the court reconsider its denial of his second motion for compassionate release. (ECF No. 1970.) The court does not hold hearings on motions for reconsideration. See E.D. Mich. LR 7.1(h)(2). For the reasons explained below, the court will deny the motion.

To prevail on a motion for reconsideration, a party "must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will

result in a different disposition of the case."[1] E.D. Mich. LR 7.1(h)(3); *see also Indah v. U.S. Sec. & Exch. Comm'n*, 661 F.3d 914, 924 (6th Cir. 2011). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Sys.*, 704 F. Supp. 2d 688, 709 (E.D. Mich. 2010) (Borman, J.). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3); *see also Bowens v. Terris*, No. 2:15-CV-10203, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015) (Steeh, J.).

The opinion, which Defendant now requests the court reconsider, found that Plaintiff's risk of contracting COVID-19 while incarnated did not constitute an "extraordinary and compelling reason" warranting release from Bureau of Prisons ("BOP") custody. (ECF No. 1962, PageID.20039.) The court reasoned that Defendant, who had already received two doses of the Pfizer COVID-19 vaccine, did not have " a material risk of severe complications or death from COVID-19" and that BOP had implemented safety measures within its facilities that "substantially reduced the risk of spread and exposure to COVID-19." (*Id.*)

Defendant's motion for reconsideration argues that the court's previous order contains four defects justifying reconsideration. First, Defendant's brief contains nine pages arguing that the court's aforementioned ruling was improper because the court failed to explain how the Government (as the Plaintiff) had standing, thereby creating

---

[1]     Here, the court applies the previous standard for motions for reconsideration that was in effect under the Local Rules when the motion at bar was filed. *See Notice of Proposed Amendments to Local Rules*, July 15, 2021, https://www.mied.uscourts.gov/PDFFIles/NtcProposedAmendmentsJuly2021.pdf.

Article III jurisdiction for this court to continue to hear the case. (ECF No. 1970, PageID.20077-85.) He asserts that the Government has "failed to establish" an "actual. . . injury in fact" that "[the Government] would incur, should the Defendant be [released]" by the court modifying his sentence to "time served." (*Id.*, PageID.20082.) While Defendant's argument is creative and "touche[s] on a. . .  (seemingly apparent) tension between criminal prosecution and standing doctrine," there is "no doubt whatsoever that the United States ha[s] standing to pursue a criminal action against [Defendant]." *See Rice v. Farley*, No. CIV. 14-31-ART, 2014 WL 2441260, at *2-*3 (E.D. Ky. May 30, 2014) (Thapar, J.) (providing a thorough explanation of standing in the context of criminal law where a federal inmate raised a similar argument). Consequently, the court's opinion properly assumed that the Government has standing to oppose Defendant's request for an early release.

Second, Plaintiff argues that the court improperly discounted Defendant's risk of contracting COVID-19 after being vaccinated. (ECF No. 1970, PageID.20086.) Defendant notes that fully vaccinated individuals can still contract COVID-19 and he points out that the CDC has recorded deaths among fully vaccinated individuals. (*Id.*) But the Sixth Circuit has repeatedly concluded that "following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). *See also United States v. McKinnie,* 24 F.4th 583, 588 (6th Cir. 2022) (citations omitted) (noting that "absent extenuating circumstances not present here, . . . the COVID-19 pandemic, with COVID-19 vaccinations now available to federal prisoners" is not an "'extraordinary and compelling reason' justifying a

sentencing reduction"); *United States v. Sweet,* No. 21-1477, 2021 WL 5371402, at *3 (6th Cir. Nov. 18, 2021) (quotations omitted) (finding that a "district court abuse[d] its discretion by granting a sentence reduction under Section 3582(a) when the inmate largely faces the same risk from COVID-19 as those who are not incarcerated after being vaccinated"). Given these precedents, the court finds it did not err in concluding Defendant's vaccination status—without additional extenuating circumstances—made him ineligible for compassionate release due to COVID-19.

Third, Defendant claims the court's ruling was defective because the court failed to consider all the factors enumerated under 18 U.S.C. § 3553(a) when adjudicating his motion for compassionate release. (ECF No. 1970, PageID.20085.) As the court's opinion explained, however, the Sixth Circuit has found that the federal compassionate release statute has "three substantive requirements" that must *all* be satisfied before a court can grant compassionate release. *United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021). Before the court considers the sentencing factors provided under 18 U.S.C. § 3553(a), it can first determine if "extraordinary and compelling reasons warrant such a reduction." *Id* at 531-32. Because, as reiterated above, Plaintiff failed to demonstrate an extraordinary and compelling reason for release, the court properly dispensed with consideration of the other substantive requirements.[2]

Fourth, Defendant seems to now be raising the argument that his continued detention—in facilities subject to additional restrictions and "lockdowns" aimed at

---

[2]     The court also notes that in adjudicating Defendant's previous motion for compassionate release, on June 22, 2020, it carefully considered the "factors enumerated under 18 U.S.C. § 3553(a) and concluded that they do not support Defendant's early release." (*See* ECF No. 1863, PageID.18582.)

preventing the spread of COVID-19—constitutes a cruel and unusual punishment under the Eighth Amendment. (ECF No. 1970, PageID.20085, 87.) But since Defendant did not raise this argument in his original motion, he cannot now pursue it through a motion for reconsideration. *See InterVarsity Christian Fellowship/USA v. Bd. of Governors of Wayne State Univ.,* 542 F. Supp. 3d 621, 625 (E.D. Mich. 2021) (quoting *Evanston Ins. Co. v. Cogswell Props., LLC*, 683 F.3d 684 (6th Cir. 2012)) (citations omitted) (Cleland, J.) ("It is well established in the Sixth Circuit and in this district that '[a]rguments raised for the first time in a motion for reconsideration are untimely and forfeited.'"). And in any event, claims that challenge the conditions of confinement should normally be brought as a civil rights complaint pursuant to 42 U.S.C. § 1983. *See United States v. Sanders*, 2021 WL 510195, at *2 (E.D. Mich. Feb. 11, 2021) (Michelson, J.) ("[T]his criminal case is not the proper vehicle for asserting civil rights violations arising out of the conditions of Sanders' confinement.").

In sum, Defendant presents no facts or evidence that change the court's earlier analysis, nor does Defendant point to a "palpable defect" by which the court and the parties have been "misled" which would justify reconsideration. E.D. Mich. L.R. 7.1(h)(3).[3] Accordingly,

---

[3] To be sure, the court would have reached the same result if it analyzed Defendant's motion under the current version of the Local Rule governing motions reconsideration.

IT IS ORDERED that Defendant's motion for reconsideration (ECF No. 1970) is

DENIED.


s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  June 23, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, June 23, 2022, by electronic and/or ordinary mail.

s/Lisa Wagner                                        /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Criminal\11-20551.WILLIAMS.ReconsiderationCompassionateRelease.AAB.docx